(C.D. 3842)

KEN HAMANAKA
FUJI SHOBO } v. UNITED STATES

United States Customs Court, First Division

(Decided June 4, 1969)

*Stein & Shostak* (*Leonard M. Fertman* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case involves articles imported from Japan which were described on the invoices as "Buddhist Rosaries." The articles were classified by the government under item 741.50 of the Tariff Schedules of the United States (19 U.S.C. § 1202) as "[a]rticles not specially provided for, of beads, of bugles, or spangles, of imitation gemstones, or any combination thereof" at the rate of 25.5 percent ad valorem. The plaintiffs challenge this classification and claim that the importations are properly dutiable at 15 percent ad valorem as rosaries under item 740.50 of the tariff schedules.

A trial of the issues was held in Los Angeles, California, on September 26, 1968, at which time the case was submitted and time was granted for briefing. Before, the filing of briefs with the court, the parties filed a stipulation reading, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to merchandise covered by the protest enumerated in the annexed Schedule which is incorporated herein:

1.  That the submission of this case be set aside.

2.  That the merchandise described on the invoice accompanying the entry covered by the above protest as rosaries, assessed with duty at 24.5% [sic] ad valorem under Item 741.50 of the Tariff Schedules of the United States, and claimed properly dutiable at only 15% ad valorem under Item 740.50 of said Schedules, consists of Buddhist rosaries which are religious articles of a purely devotional character, designed to be carried on or about the person.

3.  That the record as previously made in this case be expunged.

4. That the protest was filed within the statutory time.

5. That this protest may be deemed submitted on this stipulation.

Upon these agreed facts, we find that the merchandise consists of Buddhist rosaries which are religious articles of a purely devotional character designed to be carried on or about the person. Such articles are properly classifiable as rosaries at the rate of 15 percent under item 740.50 of the tariff schedules.

The protest is sustained. Judgment will be entered accordingly.